UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

PRISCILLA EVAGOODWIN,

    Plaintiff,

-against-

WELLS FARGO BANK, N.A., and
EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.s

**PLAINTIFF'S COMPLAINT and DEMAND FOR JURY TRIAL**

Case No.

NOW COMES Plaintiff, PROSCILLA EVAGOODWIN ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants WELLS FARGO BANK, N.A. ("WELLS FARGO") and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") (collectively referred to as "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Report Act ,15 U.S.C. § 1681 *et seq.* ("FCRA"),

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Cuyahoga County, in the City of Lakewood, in the State of Ohio.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. WELLS FARGO, is a financial institution located in Sioux Falls, South Dakota and conducting business in the State of New Jersey.

5. WELLS FARGO was a "person" at all times relevant as that term is defined by 15

U.S.C. § 1681a(b) and a "furnisher" of credit information as that term is described in 15 U.S.C. § 1681s-2 *et seq*.

6. EXPERIAN is business entity with its headquarters located in Costa Mesa, CA and conducting business in the State of New Jersey.

7. EXPERIAN, along with non-parties TransUnion and Equifax, are nationwide consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f).

8. CRAS, including EXPERIAN, regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9. EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times relevant to this Complaint, Defendants acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

11. At all relevant times, consumer reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

**Jurisdiction and Venue**

12. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

13. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

14. Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history (hereinafter referred to as "inaccurate information").

15. The inaccurate information of which Plaintiff complains are accounts or trade-lines that reflect Plaintiff's history of credit for a credit card account with WELLS FARGO with an account number ending in 0885 (hereinafter referred to as the "Account").

16. On or about June 7, 2019, Plaintiff and WELLS FARGO agreed to settle the Account for less than full balance, to be paid in monthly payments beginning June 30, 2019 and ending on March 31, 2020.

17. Plaintiff satisfied the settlement terms by timely making the agreed-upon payments, thereby extinguishing any obligation regarding the Account.

18. Despite the foregoing EXPERIAN continued to report inaccurate information concerning in the Account and, upon information and belief, disseminated credit reports containing said inaccuracies

19. On or about June 24, 2020, Plaintiff disputed the inaccurate information with EXPERIAN.

20. Plaintiff's written dispute explained that the Account had been settled and paid, included a copy of the written agreement memorializing the settlement of the Account, and that the credit report failed to accurately reflect the true nature of the Account.

21. Upon information and belief, pursuant to its responsibility in 15 U.S.C. § 1681i, within five (5) days of Plaintiff disputing the inaccurate information with EXPERIAN, WELLS

FARGO received notification from EXPERIANvof Plaintiff's dispute and the nature of the dispute.

22. Upon information and belief, EXPERIAN received the results of WELLS FARGO investigation as to Plaintiff's dispute.

23. Upon information and belief, EXPERIAN updated the reporting of the Account solely based on the information it received from WELLS FARGO in response to Plaintiff's dispute.

24. Notwithstanding Plaintiff's efforts, as of September 8, 2020, EXPERIAN continued to publish and disseminate inaccurate information concerning the Account on Plaintiff's credit report.

25. Specifically, EXPERIAN reported a balance of $8,881 was owed on the Account as of August 2020, it reported the account status was "charged off" with "$13,876 written off," it reported a reoccurring "charge off" from April 2020 through August 2020 after the Account had been settled for less than the full balance, and it reported an inaccurate payment history that did not reflect the settlement agreement.

26. The inaccurate information concerning the Account as reported on the credit report negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

27. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform responsible reinvestigations of the aforementioned dispute as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory and inaccurate information about Plaintiff with respect to the Account.

28. If Defendants would have complied with their statutory duties, the inaccurate information regarding the Account would not have been reported.

29. As a result of Defendants' conduct, Plaintiff has suffered actual damages as the inaccurate information being reported on Plaintiff's credit report have impeded Plaintiff's ability to obtain credit or favorable terms in financing an interest, caused Plaintiff to incur out of pocket expenses associated with disputing the inaccurate information only to find the inaccurate information remains on the credit report, emotional distress and mental anguish associated with having incorrect derogatory personal information being reported on the credit report, and a decreased credit score which may result in the inability to obtain credit or favorable terms on future

### COUNT I – EXPERIAN
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681e(b)

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31. Pursuant to 15 U.S.C. §§ 1681n and 1681o, EXPERIAN is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681e(b)

   a. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file.

32. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, EXPERIAN is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT II – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

33.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

34.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, EXPERIAN is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681i

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a); and

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

35.     This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, EXPERIAN is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT III – WELLS FARGO
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681s-2(b)

36.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

37. Pursuant to 15 U.S.C. §§ 1681n and 1681o, WELLS FARGO is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681s-2(b):

   a. Willfully or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully or negligently failing to review all relevant information provided to it by EXPERIAN concerning Plaintiff's dispute or the Account;

   c. Willfully or negligently failing to report the inaccurate status of the inaccurate information to all consumer reporting agencies;

   d. Willfully or negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

   e. Willfully or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff, or the Account, to consumer reporting agencies, or other entities, despite knowing that said information was inaccurate;

   f. Willfully or negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

38. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, WELLS FARGO is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                                              Respectfully submitted,

Dated: January 27, 2021

*/s/Adam T. Hill*
Adam T. Hill
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92880
Tel: (657) 236-92590
Fax: (602) 857-8207
Email: AdamH@jlohman.com

Attorneys for Plaintiff, PRISCILLA EVAGOODWIN